Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 6268 | **DATE** | 4/22/2003 |
| **CASE TITLE** | DANTE G. ZORZI, et al vs. CITY OF CALUMET CITY, IL | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Status hearing held and continued to 5/6/03 at 9:00 a.m, both parties to be present. Enter memorandum opinion and order. Defendants' motion for a more definite statement is denied, and Gigliotti's motion to dismiss is denied.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | number of notices | |
| | No notices required. | | APR 23 2003 | |
| | Notices mailed by judge's staff. | | date docketed | 13 |
| | Notified counsel by telephone. | | | |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| LG | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice / mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DANTE G. ZORZI, KEVIN P. GLASER, and BERNARD BEGESKE, | DOCKETED<br>APR 23 2003 |
| Plaintiffs, | |
| v. | Case No. 02 C 6268 |
| | Honorable John W. Darrah |
| CITY OF CALUMET CITY, ILLINOIS, a municipal corporation; JEROME P. GENOVA, individually and in his official capacity as Mayor of Calumet City, Illinois; CALUMET CITY CHIEF OF POLICE GEORGE VALLIS, individually and in his official capacity; DOMINICK GIGLIOTTI, individually and in his official capacity; IDA GALLOWAY, individually and in her official capacity; DANIEL BALOG, individually and in his official capacity; JUAN LOPEZ ACOSTA, individually and in his official capacity; and WILLIAM BORAH, individually and in his official capacity, | |
| Defendants. | |

## MEMORANDUM OPINION AND ORDER

Plaintiffs, Dante G. Zorzi, Kevin P. Glaser, and Bernard Begeske (collectively "Plaintiffs"), filed a single-count complaint against Defendants, Calumet City; Jerome P. Genova, the former Mayor of Calumet City; George Vallis, Chief of the Calumet City Police Department; Dominick Gigliotti, the interim mayor of Calumet City; Ida Galloway; Daniel Balog; Juan Lopez Acosta; and William Borah (collectively "Defendants"), alleging a claim under 42 U.S.C. § 1983 for retaliation in violation of the First Amendment right to free speech and freedom of association.

Defendant, Dominick Gigliotti ("Gigliotti"), moves, pursuant to Federal Rule of Civil Procedure 12(b)(6), to dismiss the complaint. Defendants move, pursuant to Rule 12(e), for a more definite statement. For the reasons that follow, Gigliotti's Motion to Dismiss is denied, and Defendants' Motion for a More Definite Statement is denied.

## BACKGROUND

For the purposes of this Motion to Dismiss, the following allegations are accepted as true.

Plaintiff, Dante P. Zorzi ("Zorzi") has been a Calumet City police officer since August 4, 1984. Zorzi is now a lieutenant in the Calumet City Police Department ("the Department"). In 1997, Zorzi was on the executive board of Lodge 1 of the Fraternal Order of Police ("the union"), the union that represented Calumet City police officers. In or around September 1997, Zorzi and other officers formed a committee to address concerns that rank-and-file officers had with the Calumet City residency requirement. If the residency requirement were enforced, several officers would have been terminated.

In September 1997, Zorzi met with Defendant, Jerome P. Genova ("Genova"), who was the mayor of Calumet City at that time, to discuss the residency requirement. Genova stated that all officers who were violating the residency requirement would be terminated. After the enforcement of the residency requirement, several officers were, in fact, terminated for violating the residency requirement.

Between 1997 and 2001, Zorzi supported political opponents of Genova in mayoral races in Calumet City. Zorzi gave deposition testimony unfavorable to Calumet City and other Defendants in lawsuits filed by officers who alleged gender and race discrimination in *Cap v. City of Calumet City*, No. 00 C 4226 (N.D. Ill. filed July 12, 2000), and *Alvarado v. Genova*, No. 98 C 2327 (N.D.

Ill. filed Apr. 16, 1998).

At some time, as a result of his support of Genova's political opponents, testimony in the above-named civil actions and complaints about the residency requirement: (1) Zorzi's on-the-job conduct was investigated and subjected to unwarranted scrutiny; (2) he was targeted for discipline by his superiors and command staff, including Defendant George Vallis ("Vallis"), the Chief of Police; and (3) he was denied a promotion to captain on two separate occasions despite the fact that he was more qualified than those who were promoted. All of the named Defendants participated in the denial of Zorzi's promotion.

Plaintiffs, Kevin P. Glaser ("Glaser") and Bernard Begeske ("Begeske"), have been Calumet City police officers since December 16, 1990 and September 16, 1988, respectively. Glaser and Begeske are the Vice President and President of the Union, respectively. The complaint alleges that Begeske and Glaser have been denied promotions to sergeant despite the fact that they were more qualified and had more seniority than those who were actually promoted because they (1) spoke against the Department's and the Board's policies and practices; (2) criticized the Department's and the Board's ability to execute the public trust and protect the safety of the citizens of Calumet City; (3) gave unfavorable deposition testimony in *Cap v. City of Calumet City* and *Alvarado v. Genova*, and, in the case of Begeske, civil actions by officers who were discharged for violating the residency requirement; and (4) supported Genova's opponents in the 1997 and 2001 elections.

Defendants Gigliotti, Ida Galloway ("Galloway"), Daniel Balog ("Balog"), Juan Lopez Acosta ("Acosta"), and William Borah ("Borah"), members of the Board, lowered the points awarded for seniority to allow officers with less experience to be promoted to sergeant before Glaser and Begeske due to Glaser's and Begeske's conduct in supporting Genova's opponents and

criticizing the Department and the Board.

## ANALYSIS

*Defendants' Motion for a More Definite Statement*

Defendants move for a more definite statement, stating that Plaintiffs must (1) plead the dates upon which the promotions were denied; (2) specify the names of the political opponents Plaintiffs supported; (3) specify the unfavorable testimony given, explain why it was unfavorable and state when the testimony was given; and (4) specify the dates upon which Plaintiffs were criticized.

Rule 12(e) provides that "[i]f a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading." Rule 12(e) "makes it plain that the rule is designed to strike at unintelligibility rather than want of detail. If the pleading meets the requirements of Rule 8 . . . and fairly notifies the opposing party of the nature of the claim, a motion for a more definite statement should not be granted." *Wishnick v. One Stop Food & Liquor Store, Inc.*, 60 F.R.D. 496, 498 (N.D. Ill. 1973); *see also Scholz Design, Inc. v. Buralli*, No. 01 C 3650, 2001 WL 1104647 (N.D. Ill. Sept. 18, 2001); *Trans States Airlines v. Pratt & Whitney Canada, Inc.*, No. 92 C 1658, 1992 WL 211023 (N.D. Ill. Aug. 21, 1992). "A motion for a more definite statement should not be used to obtain factual details or as a substitute for discovery." *Trans States Airlines*, 1992 WL 211023, at *2.

The complaint fairly notifies Defendants of the nature of Plaintiffs' claims. The allegations in the complaint are neither vague nor ambiguous. Plaintiffs claim that they were denied promotions because they supported Genova's political opponents, criticized and contested the Department's and the Board's policies and practices, and testified in civil actions against Defendants. The complaint

further alleges that the denial of promotions in retaliation for Plaintiffs' exercise of their First Amendment rights violates § 1983. The identity of Genova's political opponents, the content of Plaintiffs' testimony, and when they were denied promotions are factual details, which can be ascertained through discovery. Therefore, Defendants' Motion for a More Definite Statement is denied.

### *Gigliotti's Motion to Dismiss*

Gigliotti moves to dismiss, arguing that the complaint does not allege that he violated Plaintiffs' rights under § 1983 but merely that he was a member of the Board. Gigliotti states that he is not a member of the Board. Plaintiffs did not file a response to Gigliotti's Motion to Dismiss but sought leave to file an amended complaint.

When considering a motion to dismiss, well-pleaded allegations in the complaint are accepted as true. *Turner/Ozanne v. Hyman/Power*, 111 F.3d 1312, 1319 (7th Cir. 1997). Any ambiguities in the complaint are construed in favor of the plaintiff. *Kelly v. Crosfield Catalysts,* 135 F.3d 1202, 1205 (7th Cir. 1998). Dismissal is proper only when it appears beyond doubt that Plaintiff can prove no set of facts to support the allegations in his or her claim. *Strasburger v. Board of Education*, 143 F.3d 351, 359 (7th Cir. 1998).

The complaint alleges that Gigliotti was a member of the Board at the time the points awarded to seniority were reduced. The complaint also alleges that the Board took this action to prevent Glaser's and Begeske's promotions because they supported Genova's political opponents, criticized and contested the Department's and the Board's policies and practices, and testified in suits against Defendants. It is clear that some set of facts exist that would support the allegations in Plaintiffs' claim. *Strasburger*, 143 F.3d at 359. Moreover, whether Gigliotti was a member of the

Board at the relevant time is a question of fact and, therefore, not appropriate for consideration on a motion to dismiss. Therefore, Gigliotti's Motion to Dismiss is denied.

## CONCLUSION

For the reasons stated above, Defendants' Motion for a More Definite Statement is denied, and Gigliotti's Motion to Dismiss is denied.

**IT IS SO ORDERED.**

John W. Darrah, Judge
United States District Court

Date: April 22, 2003