# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 6268 | **DATE** | 7/12/2004 |
| **CASE TITLE** | Zorzi, et. al. vs. City of Calumet City, et. al. | | |

**MOTION:**   [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

## DOCKET ENTRY:

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due _____. Reply to answer brief due _____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]   For the reasons stated in the attached memorandum opinion and order, defendants are ordered to pay for the costs and attorney's fees incurred in re-deposing witnesses that have been deposed prior to the full disclosure of the personnel files and Board of Fire and Police Commission files regarding certain individuals employed by the City of Calumet City. Defendants are also ordered to produce the box of materials plaintiffs seek within one week of the date of this order. Both defendants and plaintiffs are ordered to identify all potential trial witnesses within one week of the date of this order, and to produce for deposition new potential trial witnesses within one month of the date of this order. Enter Memorandum Opinion and Order.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | Document Number |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | JUL 1 3 2004 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials | 68 |
| | Copy to judge/magistrate judge. | 2004 JUL 12 PM 3: 28 | | |
| MF | courtroom deputy's initials | FILED-ED | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

DANTE G. ZORZI, KEVIN P. GLASER,   )
and BERNARD BEGESKE,   )
  )
    Plaintiffs,   )
  )
  )
    v.   )     No: 02 C 6268
  )
CITY OF CALUMET CITY, ILLINOIS,   )     Judge John W. Darrah
a municipal corporation;   )
JEROME P. GENOVA,   )
individually and in his official   )
capacity as Mayor of Calumet City, Illinois;   )
CALUMET CITY CHIEF OF POLICE   )
GEORGE VALLIS, individually and in   )
his official capacity; DOMINICK GIGLIOTTI,   )
individually and in his official capacity;   )
IDA GALLOWAY, individually and in her   )
official capacity; DANIEL BALOG,   )
individually and in his official capacity;   )
JUAN LOPEZ ACOSTA, individually and in   )
his official capacity; and WILLIAM BORAH,   )
individually and in his official capacity,   )
  )
    Defendants.   )

DOCKETED
JUL 1 3 2004

## MEMORANDUM OPINION AND ORDER

Plaintiffs, Dante Zorzi, Kevin Glaser, and Bernard Begeske, filed suit against Defendants,

the City of Calumet City, Illinois; Jerome Genova; George Vallis; Dominick Gigliotti; Ida

Galloway; Juan Lopez Acosta; William Borah; and Daniel Balog. Plaintiffs allege that they were

discriminated against with respect to certain job practices conducted by Defendants. Thereafter,

Plaintiffs sought discovery from Defendants, but the parties have been unable to resolve many

disputes about this discovery. Presently before the Court is Plaintiffs' Motion for Sanctions.

68

## LEGAL STANDARD

The Federal Rules of Civil Procedure provide authority to sanction litigants that fail to comply with their discovery obligations. Rule 37(d) provides that if a party fails:

> to serve answers or objections to interrogatories submitted under Rule 33, after proper service of those interrogatories, or . . . to serve a written response to a request for inspection submitted under Rule 34, after proper service of the request, the court in which the action is pending on motion may make such orders in regard to the failure as are just, and among others it may take any action authorized under subparagraphs (A), (B), and (C) of subdivision (b)(2) of this rule. . . . In lieu of any order or in addition thereto, the court shall require the party failing to act or the attorney advising that party or both to pay the reasonable expenses, including attorney's fees, caused by the failure unless the court finds that the failure was substantially justified or that other circumstances make an award of expense unjust.

Rule 37(b)(2)(A) states that if a party fails to comply with a court order regarding discovery, "an order that the matters regarding which the order was made or any other designated facts shall be taken to be established for the purposes of the action in accordance with the claim of the party obtaining the order" may be entered.

District courts have "wide latitude in fashioning appropriate" discovery sanctions. *Johnson v. Kakvand*, 192 F.3d 656, 661 (7th Cir. 1999). However, a sanction must be proportionate to the circumstances resulting in a litigant's failure to comply with its discovery obligations. "The sanction must be one that a reasonable jurist, apprized of all of the circumstances, would have chosen as proportionate to the infraction." *Salgado v. Gen. Motors Corp.*, 150 F.3d 735, 740 (7th Cir. 1998).

If a litigant knows or should have known that it failed to comply with a discovery order, it may be found at fault for failure to comply with the order. *See Melendez v. Illinois Bell Tel. Co.*, 79 F.3d 661, 671 (7th Cir. 1996). A knowing and willing violation of a discovery order merits a

2

finding of bad faith against the violating litigant. While bad faith is not necessary to impose

sanctions, discovery sanctions are proper if the litigant acts in bad faith, willfully violates a

discovery order, or is found at fault for failure to comply with a discovery order. *In re Golant*,

239 F.3d 931, 936, n.1 (7th Cir. 2001).

## BACKGROUND

The facts, for the purposes of this motion, are as follows. After Plaintiffs filed their

lawsuit, they served interrogatory requests upon all Defendants. While Defendants responded,

they objected to many of the interrogatory requests or provided answers insufficient to Plaintiffs.

Thereafter, Defendants were ordered to comply with the unanswered interrogatories. In addition,

Defendants, in a minute order dated June 15, 2004, were ordered to answer the interrogatories, as

directed in that minute order, within one week.

Plaintiffs also sought documents relating to the personnel files and Board of Fire and

Police Commission files regarding certain individuals employed by the City of Calumet City.

Irregularities existed in producing some of these documents. Previously, Defendants claimed

that personnel records older than eighteen months were destroyed. However, it was later

revealed that some of these files were kept in the office of Calumet City Chief of Police George

Vallis ("Police Chief Vallis") and were not produced until many depositions were taken. Some

of these materials were also produced during depositions of witnesses. Plaintiffs were not

provided with all of the personnel files until after many people were deposed.

One day before the end of discovery, the City of Calumet City provided Plaintiffs with

complete access to City records and the records of the Board of Fire and Police Commission. As

a result of this inspection, Plaintiffs requested an additional box of materials. Near the end of

3

discovery, Defendants also provided notice that they intended to call witnesses that they had not previously so identified.

A pre-trial conference in this matter was set for June 15, 2004, with a trial date of June 28, 2004. However, those dates were stricken; and the pre-trial conference was reset to October 21, 2004, with a trial date of October 25, 2004.

## ANALYSIS

Plaintiffs move for the imposition of discovery sanctions against Defendants. Specifically, Plaintiffs seek sanctions for Defendants' alleged failure to: (1) properly answer interrogatories; (2) produce personnel documents before depositions of witnesses occurred; (3) produce a box of materials sought by Plaintiffs; and (4) properly identify certain persons as trial witnesses.

As to Plaintiffs' request for sanctions regarding their interrogatories, Defendants have been ordered, on two separate occasions, to fully answer the interrogatories. Defendants, in the June 15, 2004 minute order, were given one week, until June 22, 2004, to fully answer the interrogatories. The reply to the instant motion was filed on June 17, 2004. Thus, it cannot be determined whether Defendants complied with the order. Accordingly, Plaintiffs' request for sanctions regarding their interrogatories is denied.

Plaintiffs also seek sanctions for Defendants' alleged failure to produce personnel documents before depositions of witnesses occurred. Defendants contend that these materials are not central to Plaintiffs' claims and that most of these materials were available when the depositions occurred. Defendants further contend that Plaintiffs' decisions of when to take depositions were tactical choices that Plaintiffs made in pursuing this case.

4

Federal Rule of Civil Procedure 26(b)(1) states that "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . relevant information need not be admissible at trial if the discovery appears to be reasonably calculated to lead to the discovery of relevant material." Here, the personnel records Plaintiffs sought meet this standard. Moreover, it is irrelevant whether most of these materials were available when the depositions occurred; Plaintiffs were entitled to have all the materials it requested before the depositions so that the materials may be used at the depositions. Lastly, it cannot be said that Plaintiffs' choices of when to take the depositions were simply tactical decisions. Plaintiffs, on multiple occasions, sought full compliance from Defendants; and Defendants' failure to comply helped to prevent Plaintiffs from obtaining these materials before the close of discovery.

The trial date in this matter has been rescheduled until October 25, 2004. The parties now have over three months to resolve the outstanding discovery disputes and prepare for trial. In light of this schedule, Plaintiffs, in good faith, are permitted to re-depose witnesses that have been deposed prior to the full disclosure of the personnel files and Board of Fire and Police Commission files regarding certain individuals employed by the City of Calumet City. Plaintiffs are permitted to re-depose these witnesses limited to the issues relating to these files. Defendants are ordered to pay for the costs and attorney's fees incurred in re-deposing these witnesses.

As to Plaintiffs' request for sanctions regarding the box of materials Defendants have not yet produced, Defendants are ordered to produce those materials within one week of the date of this order. Because the trial date has been extended, it would not be proper to award sanctions at this time.

Finally, Plaintiffs' request for sanctions for Defendants' alleged failure to properly identify certain persons as trial witnesses is denied. As discussed above, because the trial date has been rescheduled, Plaintiffs have ample time to depose these new potential witnesses. However, both Defendants and Plaintiffs are ordered to identify all potential trial witnesses within one week of the date of this order and to produce new potential trial witnesses for depositions within one month of the date of this order. If the parties fail to comply, these witnesses will be barred from testifying at trial.

## CONCLUSION

Defendants are ordered to pay for the costs and attorney's fees incurred in re-deposing witnesses that have been deposed prior to the full disclosure of the personnel files and Board of Fire and Police Commission files regarding certain individuals employed by the City of Calumet City. Defendants are also ordered to produce the box of materials Plaintiffs seek within one week of the date of this order. Both Defendants and Plaintiffs are ordered to identify all potential trial witnesses within one week of the date of this order, and to produce for deposition new potential trial witnesses within one month of the date of this order.

Dated: 7/12/04

JOHN W. DARRAH
United States District Judge

6